**UNITED STATES COURT OF APPEALS**

Filed 4/18/96

**FOR THE TENTH CIRCUIT**

---

ERNEST G. MOORE,          )
                                 )
    Plaintiff-Appellant,    )
                                 )
v.                            )        No. 95-3313
                                 )    (D.C. No. 91-CV-3248)
UNITED STATES OF AMERICA,    )      (D. Kansas)
                                 )
    Defendant-Appellee.    )

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Ernest G. Moore, at all relevant times an inmate at the United States Penitentiary at Leavenworth, Kansas, appeals the district court's order granting summary judgment in favor of the United States on his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 & 2671 *et seq.*,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

that the medical staff at Leavenworth negligently exposed him to hepatitis by using a contaminated syringe to administer insulin. We grant Mr. Moore's motion to proceed *in forma pauperis*, but affirm the judgment of the district court.

The district court held the United States had a duty to provide "'suitable quarters and ... safekeeping, care, and subsistence'" to inmates like Mr. Moore, *see* 18 U.S.C. § 4042(b), and that Kansas law governed his negligence claim, *see* 28 U.S.C. § 1346(b) (FTCA allows claims against federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). It held, however, that Mr. Moore had failed to raise a genuine issue of material fact as to the three remaining elements of negligence, namely breach, causation, and damages. The district court stated as follows in its order:

> [T]here is no evidence, beyond plaintiff's allegations, that defendant supplied him with a contaminated syringe or that plaintiff suffered any injury attributable to such a syringe. In contrast to plaintiff's claims, there is evidence that plaintiff's liver disfunction was identified in 1988, a year prior to the incident in which he alleges he was exposed to an unsanitary syringe.

We have reviewed the record de novo and find no fault with the district court's analysis and conclusion. Mr. Moore responded to the United States' motion for summary judgment with nothing more than conclusory assertions; he presented no evidence sufficient to raise a genuine issue of material fact. *See, e.g., Setliff v. Memorial Hosp.*, 850 F.2d 1384, 1392 (10th Cir. 1988).

We also reject Mr. Moore's contention the district court abused its discretion when it denied his motion under Fed. R. Civ. P. 56(f) to continue or deny the United States' motion for summary

judgment on the ground Mr. Moore needed to conduct further discovery. *See International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (denial of Rule 56(f) motion reviewed for abuse of discretion). Furthermore, even if we assume for the sake of discussion that the district court did indeed abuse its discretion, Mr. Moore has not demonstrated that he suffered prejudice. In his brief on appeal, Mr. Moore has only identified one aspect of the United States' evidence he believes he could have controverted had he been allowed to conduct further discovery: the United States' evidence Mr. Moore had liver disfunction before he received the insulin injection with the allegedly contaminated needle. Even if we assume Mr. Moore is correct that he acquired hepatitis after he arrived at Leavenworth, he did not present any evidence that he acquired hepatitis because of the syringes Leavenworth's medical staff used to administer insulin.

**AFFIRMED.**

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge